NATHANIEL BEEZLEY, Assignee of SILAS BEEZLEY, plaintiff in error *v.* WILLIAM A. JONES, defendant in error.

*Error to Vermilion.*

Deeds or obligations, containing mutual covenants, are not assignable.
One covenant in an obligation or contract containing several covenants, cannot be assigned without the other.
*Semble,* That instruments in writing for the conveyance of land, or for the performance of personal duties, are not assignable.

THIS was an action of *covenant* commenced in the Vermilion Circuit Court. At the October term, 1832, the cause was heard before the Hon. William Wilson, upon demurrer to the plaintiff's declaration, and judgment rendered for the defendant.

S. McROBERTS, for the plaintiff in error, cited R. L. 1827,(1) 320; Breese 300; Chitty on Bills 5, 6, 7.

E. B. WEBB, for the defendant in error, cited R. L. 1827, 320: Breese 300; 1 Blackf. 148; 1 Peters' Cond. R. 416; 2 do. 307; Dig. South. and West. Rep. 77.

WILSON, Chief Justice, delivered the opinion of the Court:

Silas Beezley covenanted by deed with William A. Jones, to lease to him a house, carding machine, and apparatus, for a specified time, and further agreed to be at the expense of repairing the machine in case of any failure. Jones, on his part, covenanted to pay one hundred and seventy dollars rent, by instalments; and, at the expiration of the term, to return the machine, &c., in the same order he received them, the common wear excepted.

This deed is assigned, by endorsement, to the plaintiff, who sues, in his own name, for a breach of the covenant to pay the rent. The declaration is demurred to, and the demurrer sustained by the Circuit Court.

The question presented by this statement of the case, is, whether the statute of(2) 1827, has made the instrument upon which this action is brought, negotiable. That statute makes not only bonds and notes for the payment of money, but also all written engagements for the payment or delivery of articles of personal property, or for the payment of money in personal property, negotiable. Instruments of this sort, from the usual course of

(1) R. L. 482; Gale's Stat. 525.        (2) R. L. 482; Gale's Stat. 525.

trade in this country, are more frequently made than notes for the payment of money. The convenience of trade, it was thought by the legislature, required that such instruments of writing should be negotiable; and they are made so by the express language of the legislature. But neither the language of the statute, nor the policy that occasioned its enactment, embrace instruments in writing for the conveyance of land, or for the performance of personal duties; and the legislature never intended to impart a negotiable quality to a written agreement for the performance of perhaps twenty stipulations of different characters, merely because it contained one for the payment of money, or the delivery of an article of personal property. The deed upon which this action is brought contains mutual covenants; those on the part of the defendant are to pay one hundred and seventy dollars rent, and, at the expiration of his lease, to return the machine, &c. If the whole interest in this deed can be transferred by assignment to the plaintiff, he would be entitled to recover for a breach of either or both of these covenants, and the assignor would be left without a remedy for the detention or destruction of his property. This result was certainly never contemplated by either the assignor or assignee. Such a transfer is not authorized by the statute. Nothing more was intended to be transferred, than the simple covenant to pay one hundred and seventy dollars. The contract is indivisible, and one covenant cannot be assigned without the other. The recognition of such a principle, would work great injustice by multiplying actions, and enabling one party to a contract, to subject the other to the separate actions of as many different assignees as it might contain covenants. The judgment of the Court below is affirmed with costs.

*Judgment affirmed.*